IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs June 17, 2014

## STATE OF TENNESSEE v. ROBERT KING VAUGHN, JR.

**Appeal from the Circuit Court for Rutherford County**
**Nos.  F-62438; F-68086   David Bragg, Judge**

_____

### No.  M2013-02099-CCA-R3-CD - Filed July 3, 2014

_____

Appellant, Robert King Vaughn, Jr., pled guilty to aggravated burglary and theft in case number F-64238 and aggravated burglary in case number F-68086 in Rutherford County Circuit Court.  As a result, in case number F-64238, Appellant was ordered to serve 90 days in incarceration and the remainder of a four-year sentence on probation.  In case number F-68086, Appellant was sentenced to thirteen years.  The sentence was suspended and Appellant was ordered to serve the term on Community Corrections.  A warrant was filed against Appellant for a violation of the terms of the Community Corrections sentence and probation.  After a hearing, the trial court ordered Appellant to serve the remainder of the four-year sentence and thirteen-year sentence in incarceration.  Appellant appeals.  After a review of the record and applicable authorities, we affirm the judgments of the trial court but remand the matter to the trial court for correction of the order revoking Appellant's Community Corrections sentence in case number F-68086 to reflect a violation of Community Corrections rather than probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Gerald L. Melton, District Public Defender; Russell N. (Rusty) Perkins, Assistant Public Defender, for the appellant, Robert King Vaughn, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; William Whitesell, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant pled guilty on April 16, 2010, to aggravated burglary and theft of property over $1,000 in case number F-64238 in Rutherford County. The trial court sentenced Appellant to four years on each count, to be served concurrently. The trial court further ordered Appellant to serve 90 days in incarceration and the balance of the sentence on probation. On June 14, 2012, Appellant was found guilty of violating probation. The trial court reinstated his original four-year sentence, and ordered Appellant to serve another 90 days in incarceration prior to being reinstated to probation for the duration of the sentence.

On May 16, 2013, Appellant pled guilty to aggravated burglary in case number F-68086. As a result, he was sentenced to thirteen years as a Persistent Offender. The trial court ordered Appellant to serve the sentence on Community Corrections. In June of that same year, the trial court issued a warrant indicating that Appellant violated the conditions of Community Corrections, citing both case numbers F-64238 and F-68086.[1] In particular, the affidavit in support of the warrant indicated that Appellant failed to: (1) report on a regular basis to the probation officer; (2) carry out the instructions of the probation officer and make truthful reports to the probation officer; (3) refrain from using intoxicants of any kind, or from using or possessing any controlled substance or mind altering drug, except pursuant to a licensed doctor's medical prescription; (4) follow the recommendations regarding the Community Corrections sentence; and (5) submit to a risk assessment for substance abuse. To support the allegations, the affidavit indicated that Appellant, among other things, failed a drug screen and admitted to using cocaine.

The trial court held a hearing on the Community Corrections and probation violations. At the hearing, Kelly Sanders, a Community Corrections case officer, testified that she supervised Appellant on Community Corrections beginning on May 16, 2013. By June 17, 2013, Appellant had violated the terms of Community Corrections by failing to report. Ms. Sanders testified that Appellant attempted to report on several occasions but that he came in to the office on either non-reporting days or after hours. Appellant successfully reported a total of three times. He missed one report date. Additionally, Appellant did not schedule his alcohol and drug assessment as instructed and failed a drug screening testing positive for cocaine. Appellant did not follow any of the recommendations of the Community Corrections program.

---

[1] The warrant alleged that Appellant had committed a violation of "Community Corrections" with respect to his sentences for aggravated burglary and theft of property, citing case numbers F-64238 and F-68086. When looking at the judgments, however, it appears that Appellant was sentenced to an alternative sentence of probation in case number F-64238 and an alternative sentence of Community Corrections in case number F-68086.

Ms. Sanders acknowledged that Appellant had some mental disabilities but recalled that Appellant provided a letter from the Guidance Center indicating that he was competent enough to comply with the terms and conditions of Community Corrections. Ms. Sanders was aware of Appellant's drug problem and expressed the need for Appellant's assessment in order for Appellant to receive recommendations for treatment. Ms. Sanders stated that Appellant's last visit was in June, when he failed a drug screen and admitted to cocaine use.

Appellant testified at the hearing. At the time of the alleged violation, Appellant was on house arrest. He had to ask for permission prior to leaving the house; Ms. Sanders did not give him permission to leave the house on the day that he used cocaine. He explained that he was "legally disabled" because he suffered from paranoid schizophrenia, depression, anxiety, and obsessive compulsive disorder. Appellant takes multiple medications, including Zyprexa. Appellant insisted that his medication causes memory problems and prevented him from recognizing Ms. Sanders. Appellant admitted that he was addicted to cocaine and remained sober for about one month before he "relapsed." Appellant stated that he had met with Ms. Sanders until the relapse and then "everything went downhill from there." He denied intentionally missing appointments, acknowledged his indiscretions, and signed a document stating that he used cocaine while on Community Corrections. Appellant also explained that he was new to Community Corrections and had violated the terms and conditions before he even knew all the rules.

At the conclusion of the hearing, the trial court made the following findings of fact and conclusions of law:

> The Court finds based on [Appellant's] testimony and on the other evidence submitted to the Court that [Appellant] has failed to comply with the terms of his Community Corrections plan by failing a drug screen, admitting that he's used drugs while on Community Corrections, failure to follow the reporting instruction of his supervising officer by failing to report on those dates when he was requested to report.

> [Appellant] on his own behalf has testified he was trying to get used to it. It was difficult to get used to it. It was a new program. Different from programs he had been on before.

> The Court finds based on a review of the record that it has serious questions based on [Appellant's] testimony, the testimony of Ms. Sanders as to whether or not [Appellant] could successfully complete any lengthy period of probation or Community Corrections based on his failure to comply with

any of those types of terms in the past and based on his prior record of conduct.

Therefore, the court would order that [Appellant] serve his sentence as imposed with any applicable credits. [Appellant] has said he would like to be able to provide care for his children. I'm hopeful that once he has served this sentence that he will have that opportunity. He will have these things behind him. And he won't just continue to push this matter down the road. He will have the opportunity to get this chapter of his life closed so that he can start fresh.

[Appellant], I appreciate your testimony. I appreciate your candor with the court and your honesty. I believe you testified honestly.

. . . .

But it appears to me based on the record before the Court that [Appellant] is not a good candidate for release into the community.

The trial court entered two orders after the hearing. One order reflected a violation of probation[2] in case number F-68086, indicating that Appellant should serve the sentence originally imposed of thirteen years. The second order reflected a violation of probation in case number F-64238, and ordered Appellant to serve the original sentence of four years. After the revocations, Appellant filed a timely notice of appeal.

*ANALYSIS*

On appeal, Appellant insists that the trial court abused its discretion in ordering confinement for the full duration of the original sentence rather than ordering split confinement or a suspended sentence. Specifically, Appellant argues that it was not a willful failure to report on his behalf and that he was not on Community Corrections long enough to receive the proper treatment for his drug addiction. The State disagrees, arguing that the trial court did not abuse its discretion.

In *State v. Harkins*, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. 811 S.W.2d at 82. A trial court may revoke

---

[2]This should state that Appellant violated Community Corrections. On remand, the trial court should correct this clerical error.

probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *See also State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation or Community Corrections is subject to an abuse of discretion standard of review, rather than a de novo standard. *Harkins*, 811 S.W.2d at 82. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.*

We have reviewed the record on appeal and find ample evidence to support the trial court's conclusion that a violation of probation and Community Corrections occurred. Evidence was presented that Appellant failed a drug screen and failed to report to his probation officer. Appellant admitted to the violations in his testimony, including the fact that he used cocaine while on probation. Despite Appellant's admitted disabilities, we conclude that the trial court did not abuse its discretion in concluding that Appellant violated the terms of his probation and Community Corrections sentences and should be incarcerated. Appellant is not entitled to relief.

*CONCLUSION*

For the foregoing reasons, we affirm the revocation of probation. However, we remand to the trial court for entry of a corrected order to reflect that in case number F-68086 Appellant violated Community Corrections, not probation.

_____
JERRY L. SMITH, JUDGE